IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:25-cv-01371-NR |
| vs. | ) |
| | ) |
| CAMRYN SIMONS, | ) |
| CHRISTOPHER HINSON, | ) |
| MADELINE PRATT, | ) |
| COMPUTER SCIENCE CLUB AT PITT, | ) |
| MACKENZIE BALL, | ) |
| ROBERT FISHEL, | ) |
| DaVAUGHN VINCENT-BRYAN, | ) |
| DONALD SHIELDS, | ) |
| CLYDE PICKET, and | ) |
| UNIVERSITY OF PITTSBURGH, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS CAMRYN SIMONS AND CHRISTOPHER HINSON'S
BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6)**

This Court should dismiss Plaintiff's Amended Complaint ("Complaint") because, even if accepted as true, the conduct alleged therein does not rise to the level of "extreme and outrageous" as against the Moving Defendants, Camryn Simons and Christopher Hinson. Accordingly, no actionable claim has been set forth for intentional infliction of emotional distress. Dismissal under Rule 12(b)(6) is thus appropriate.

BACKGROUND

1. *Plaintiff alleges that the Defendant's insulted him.*

Plaintiff's Amended Complaint arises from sexual harassment and retaliation he alleges against the University of Pittsburgh ("Pitt") and its employees or agents.

Moving Defendants are former classmates of Plaintiff when they attended Pitt's School of Computing and Informational Sciences ("SCIC"). They were all members of SCIC's Computer Science Club ("CSC"). Defendant asserts a single state law cause of action for intentional infliction of emotional distress ("IIED"), based upon statements and emojis he alleges Moving Defendants posted on a server the CSC maintained on the social media platform Discord. Am. Compl., doc. 3, at Count VI. Plaintiff points to a statement that Hinson made comparing Plaintiff's apparent allegiance to the SCIC to a sex act. Specifically, as to the moving Defendants:

  a. Simons and Hinson began on June 4, 2023 to "unprovokedly mock[] and bully[] Plaintiff in the club's Discord server" (Am. Compl., doc. 3, at ¶32).

  b. Plaintiff was suspended from the CSC Discord server due to his own conduct (Am. Compl., doc. 3, at ¶41);

  c. On September 8, 2023, the day after Plaintiff was readmitted to the SCS Discord server, Hinson "directly and unprovokedly" insulted Plaintiff by responding a unspecified statement Plaintiff as follows: 'even the actual school of computing and information does not dick ride this hard for the school of computing and information" (Am. Compl., doc. 3, at ¶¶ 56-57);

  d. Simons insulted Plaintiff by reacting to one of Plaintiffs messages with a "mocking and derogatory emoji" (Am. Compl., doc. 3, at ¶59); and

  e. Simons reacted to Mx. Hinson's "dickrid[ing]" remark with an emoji indicating approval of and expressing agreement with Hinson's sentiment." (Am. Compl., doc. 3, at ¶60).

  2. *IIED requires "extreme and outrageous conduct," a threshold rarely met.*

A controlling element of intentional infliction of emotional distress is "extreme and outrageous conduct." E.g., Cheney v. Daily News L.P., 654 Fed.Appx. 578, 583 (3d Cir. 2016); Restatement (Second) of Torts §46. The determination as to whether the alleged conduct may reasonably be regarded as so extreme as to permit recovery is left to the court in the first instance. E.g., Figueroa v. Oberlander, No. 1:22-CV-00143-SPB, 2023 WL 3937790, at *12

2

(W.D. Pa. May 16, 2023), report and recommendation adopted, No. CV 22-143, 2023 WL 3932533 (W.D. Pa. June 9, 2023) (citing Salerno v. Phila. Newspapers, Inc., 546 A.2d 1168, 1172 (Pa. Super. Ct 1988)).  IIED claims require "[t]he conduct . . . [to] be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (citing Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)).

Pennsylvania courts have found "extreme and outrageous conduct" in IIED claims "only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." Cheney, 654 Fed.Appx. at 583-84 (citing Salerno, 546 A.2d at 1172 (collecting cases)).  The level of outrageousness required to support a claim is extraordinarily high. Suniaga v. Downingtown Area S.D., 765 F.Supp.3d 413, 431 (E.D. Pa. Feb. 5, 2025).  To support a finding of extreme and outrageous behavior, "it is not enough that the defendant acted with an intent that was tortious or even criminal or that the defendant intended to inflict emotional distress or even that the defendant's conduct was characterized by malice or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. E.g., Baker v. Morjon, Inc., 574 A.2d 676 (Pa. Super Ct. 1990)  The extremeness of behavior associated with this tort necessarily means that it rarely will be found. Brieck v. Harbison-Walker Refractories, 624 F. Supp. 363, 367 (W.D. Pa. 1985).

As to claims of verbal conduct, mere threats or name calling are insufficient to rise to the level of extreme and outrageous behavior. Reimer v. Tien, 514 A.2d 566, 569 (Pa. Super. Ct. 1986).  "[N]o Pennsylvania case law exists upholding an IIED claim which has been predicated upon defamatory language" Hill v. Cosby, No. 15CV1658, 2016 WL 491728, at *9 (W.D. Pa. Feb. 9, 2016), aff'd 665 F. App'x 169 (3d Cir. 2016).

3

Examples of conduct that might be offensive and malicious colloquially, but still fail to rise to "extreme and outrageous" are plentiful, including:

- circulating a petition stating that a defendant's minor child's teacher needs to be identified on "Megan's Law" (Suniaga, 765 F.Supp.3d at 430-31);

- publishing defamatory statements, breaching an agreement not to re-assert the allegedly defamatory allegations, and initiating a harassing criminal investigation of plaintiffs (Project Mgmt. Inst., Inc. v. Ireland, No. CIV.A.99-4891, 2000 WL 375266, at *1-2, 8 (E.D. Pa. Apr. 11, 2000));

- sending letters to the plaintiff or the plaintiff's employer containing allegedly groundless charges of social misconduct or professional incompetence that led to actual or threatened disciplinary action against the plaintiff. (1 Summ. Pa. Jur. 2d Torts § 10:34 (2d ed.) (citing Gordon v. Lancaster Osteopathic Hos. Ass'n, Inc., 489 A.2d 1364, 1371 (Pa. Super. Ct. 1985); Lazor v. Milne, 499 A.2d 369 (Pa. Super. Ct. 1985))).

- Physically fighting a defendant who moved logs onto a disputed right-of-way (1 Summ. Pa. Jur. 2d Torts § 10:44 (2d ed.) (citing Wagner v. McNeil, 17 Pa. D. & C.4th 378, 384 1992 WL 573015, at *3-4 (Northumberland Co. 1992))).

   3. *Plaintiff fails to allege "extreme and outrageous conduct."*

Moving Defendants' conduct as alleged in the Amended Complaint falls short of the type recognized as "extreme and outrageous." Moreover, Moving Defendants' behavior is not even in the class of the above examples in which defendants' actions were abhorrent, yet not enough "extreme and outrageous" enough to warrant recovery under IIED. Instead, the instant conduct falls within the category of "mere insults, indignities, . . . annoyances, petty oppressions, or other trivialities" to which IIED claims do not extend. E.g., Dawson v. Zayre Depar't Stores, 346 Pa. Super. 357, 359, 499 A.2d 648 (1985) (citing *Restatement (Second) of Torts,* Section 46, comment (h)).

As the only conduct complained of in this matter is Plaintiff was insulted by Hinson through words and Simons through the use of emojis,[1] Plaintiff has failed to plead extreme and

---

[1] Plaintiff also alleges generally that, four months before the subject Discord communications, Moving Defendants "unprovokedly mock[ed] and bull[ied]" Plaintiff (Am. Compl., doc. 3, at ¶32). As this

4

outrageous conduct to permit proceeding on an IIED theory.  As such, Count VI, the sole claim against Moving Defendants, should be dismissed.[2]  Because the nature of Moving Defendant's does not approach the threshold for "outrageous and extreme" conduct, amendment to state an intentional infliction of emotional distress claim would be futile, and dismissal ought to be with prejudice.  See Figuera, 2023 WL 3937790, at *12 (citing Grayson v. Mayview State Hosp'l, 293 F.3d 103, 108 (3d Cir. 2002)).

WHEREFORE, Defendant Camryn Simons respectfully requests entry of an Order granting this motion to dismiss.

Respectfully submitted,

/s/ David W. Turner
David W. Turner
PA ID No. 200199

DAVID TURNER LAW, LLC
337 Freeport Road
Pittsburgh, PA 15215
(412) 215-7254
dt@davidturnerlaw.com
*Counsel for Defendants Camryn Simons and Christopher Hinson*

---

allegation lacks further factual supporting averments, the Court should ignore it as a "bald assertion . . . cast in the form of a factual averment."  See, e.g., Deal v. Lawrence Co., No. 2:25-CV-00303-MJH, 2026 WL 157691, at *4 (W.D. Pa. Jan. 21, 2026) (slip copy) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997) (a court need not credit such assertions in a Rule 12(b)(6) analysis)).

[2] Plaintiff casually alleges in the recitations of facts in the Amended Complaint that, because Hinson's comment referenced a sexual act, Moving Defendants' conduct "thus violated Title IX of the Education Amendments of 1972, which prohibits discrimination 'on the basis of sex'" (Am. Compl., doc. 3, at ¶32). Assuming, *arguendo*, both that conclusory statement constitutes a cause of action and that Moving Defendants' conduct constitutes sexual discrimination, Moving Defendants, as students, are not proper defendants to a Title IX action.  See, e.g., Jones v. Indiana Area Sch. Dist., 397 F. Supp. 2d 628, 642 (W.D. Pa. 2005) ("There is no individual liability under Title IX") (citing Davis v. Monroe Co. Bd. of Ed'n, 526 U.S. 629, 641 (1999) (holding that a private right of action impliedly exists under Title IX to hold *institutional recipients of federal funding* who permit sexual discrimination in its programming or activities).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>CAMRYN SIMONS, )<br>CHRISTOPHER HINSON, )<br>MADELINE PRATT, )<br>COMPUTER SCIENCE CLUB AT PITT, )<br>MACKENZIE BALL, )<br>ROBERT FISHEL, )<br>DaVAUGHN VINCENT-BRYAN, )<br>DONALD SHIELDS, )<br>CLYDE PICKET, and )<br>UNIVERSITY OF PITTSBURGH, )<br>)<br>)<br>   Defendants. ) | Civil Action No. 2:25-cv-01371-NR |

## CERTIFICATE OF SERVICE

**DEFENDANTS CAMRYN SIMONS AND CHRISTOPHER HINSON'S BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** on the following individuals in the following manner:

<u>Via U.S. Mail at address provided</u>
John Doe
Pro Se Plaintiff

<u>Via ECF filing</u>
Mariah L Passarelli
Cozen O'Connor
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219-1410
mpassarelli@cozen.com

                                                    */s/ David W. Turner*
                                                    David W. Turner
                                                    PA ID No. 200199