**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | )   2:25-CV-1371 |
| | ) |
| v. | ) |
| | ) |
| CAMRYN SIMONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff John Doe has moved to proceed under a pseudonym (ECF 82).  Doe advances three main bases for anonymity: his mental illness; that requiring him to litigate under his own name would deter him, and similarly situated individuals, from pursuing litigation; and that his HIPAA-protected medical records would become public.  *Id.* at 2.  After careful review, the Court denies the motion for the reasons below.

## **STANDARD OF REVIEW**

"A [litigant's] use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (cleaned up).  But courts can allow litigants to proceed anonymously, under a pseudonym, in *exceptional* circumstances.  *Id.* (emphasis added).  The litigant must show a (1) fear of severe harm and (2) that the fear of severe harm is reasonable.  *Id.*

Once that threshold is met, district courts then determine whether a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings.  And the Third Circuit has supplied the framework for that inquiry: the *Megless* factors.

The *Megless* factors that weigh *in favor* of allowing a litigant to proceed under a pseudonym include:

> (1) the extent to which the identity of litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) magnitude of public interest in maintaining confidentiality of litigant's identity; (4) whether, because of purely legal nature of issues presented or otherwise, there is an atypically weak public interest in knowing litigant's identity; (5) undesirability of an outcome adverse to pseudonymous party and attributable to his refusal to pursue case at price of being publicly identified; (6) whether party seeking to sue pseudonymously has illegitimate ulterior motives; (7) universal level of public interest in access to the identities of litigants; (8) whether, because of subject matter of litigation, the status of litigant as a public figure, or otherwise, there is a particularly strong interest in knowing litigant's identities, beyond public's interest which is normally obtained; and (9) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409 (cleaned up).

The factors that weigh *against* anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

## DISCUSSION & ANALYSIS

### I.    Doe has not shown that he faces a reasonable fear of severe harm.

Doe's case appears to be a straightforward employment-discrimination case. ECF 71. And where plaintiffs allege a fear of severe harm (namely heightened mental illness symptoms and stigma) in ordinary employment-discrimination cases, like this case, courts have denied motions to proceed under a pseudonym. *See Doe v. Coll. of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021) (affirming district court's denial of

plaintiff's motion to proceed pseudonymously where the district court weighed the *Megless* factors and "observed that, with regard to a need for anonymity, [plaintiff's] case was not meaningfully different from other employment disputes"). This Court has seen many cases like this one, and recognizes that litigation often takes a toll on a party's mental health on both sides of the "v."

But the mental-health effects of litigation are, in a sense, the cost of doing business. Doe has not shown the Court that the mental-health effects of this particular lawsuit are so exceptional compared to other similar cases where plaintiffs have proceeded under their legal names. *See Kimberly Davis v. Surefire Hospitality Group*, No. 2:26-CV-00572, 2026 WL 2105765, at *2 (W.D. Pa. July 22, 2026) (Horan, J.) ("[T]he distress [here] is more properly characterized as embarrassment or discomfort, which the Third Circuit has found to be insufficient to meet the standard. Without particularized allegations, Plaintiff's request reflects a personal preference, rather than a reasonable fear or severe harm.") (cleaned up). Doe has therefore not met his burden to show that he faces a reasonable fear of severe harm.

## II. Even if Doe could show that he faces a reasonable fear of severe harm, the Megless factors do not weigh in favor of allowing him to proceed under a pseudonym.

After careful review, the *Megless* factors are either neutral and not applicable, or weigh against allowing Doe to proceed pseudonymously. Disclosure of Doe's real legal name would not cause extraordinary harm to him. Indeed, one of his main concerns is that his sensitive, HIPAA-protected medical information will be publicly disclosed. ECF 82 at 2. But the Court has already granted several of Doe's motions to file documents under seal. *See, e.g.*, ECFs 18, 34, 72, & 90. And many similarly situated individuals have filed lawsuits within this district. The Court stresses one of the most important *Megless* factors—that there is a universal public interest in the

identities of litigants—and notes that this factor significantly outweighs Doe's alleged fear of severe harm.

### III.    Doe's medical information can be redacted or filed under seal.

As mentioned above, Doe expresses concerns with the public disclosure of his sensitive medical information (*i.e.*, anything that is HIPAA-protected).  The Court makes clear that any sensitive medical information can be redacted or filed under seal.  And as already mentioned, the Court has granted several of Doe's motions to file under seal and would be open to doing so for filings containing sensitive medical information.

### <u>CONCLUSION</u>

For these reasons, Doe's motion to proceed under a pseudonym (ECF 82) is DENIED.  Doe shall include his legal name when filing an amended complaint on or before August 28, 2026.  The Court will then amend the caption accordingly.

DATED: July 29, 2026

                                                    BY THE COURT:

                                                    /s/ J. Nicholas Ranjan
                                                    United States District Judge

cc:
Plaintiff John Doe
Address on File with Clerk of Court

- 4 -