**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>CAMRYN SIMONS, *et al.*,<br><br>**Defendants.** | ) | Civil Action No. 25-1371 |

**MOTION FOR 30-DAY LEAVE TO FILE RENEWED MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiff, John Doe, by himself, hereby files this motion for a 30-day leave to file a renewed motion for leave to proceed pseudonymously, and in support thereof avers as follows:

1. Plaintiff is proceeding *pro se*, without any attorney assistance in conducting legal research or drafting his filings.
2. In *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), the Third Circuit held that "a court **must** make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training" (emphasis added).
3. Being able to proceed pseudonymously in litigation due to a reasonable fear of severe harm otherwise could reasonably be characterized as an "important right" because, "[u]nlike remedying wrongfully compelled privileged information by vacating and remanding, [a court] cannot anonymize a litigant's already publicized identity with a new trial. That bell cannot be unrung." See *Doe v. College of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021).

4. Plaintiff believes that any previous failure on his part to present the Court with sufficiently "particularized allegations" of severe harm if he is forced to disclose his legal name was "due merely to [his] lack of legal training," and that he would be able to cure this deficiency in a renewed motion to proceed pseudonymously. See ECF 100.

5. Plaintiff further believes that allowing him to file such a renewed motion would constitute a "reasonable allowance" which, under the standard set by the Third Circuit in *Garrett*, this honorable District Court *must* make.

6. As a show of good faith, Plaintiff has attached exhibits of the sort of documentation which he believes could support a finding of "reasonable fear of severe harm" in a renewed motion, including a letter from Plaintiff's treating clinician discussing the likelihood of Plaintiff being re-traumatized with respect to the psychiatric breakdown he experienced on August 25, 2023.[1]

7. Plaintiff acknowledges that, in its order denying Plaintiff's motion for pseudonymity, the Court held that "[e]ven if [Plaintiff] could show that he faces a reasonable fear of severe harm, the Megless factors do not weigh in favor of allowing him to proceed under a pseudonym"; however, Plaintiff respectfully notes that the Court did not actually appear to conduct a factor-by-factor analysis of the *Megless* factors in its opinion, and believes that doing so would demonstrate that, if Plaintiff can clear the threshold requirement of "reasonable fear of severe harm," pseudonymity is indeed warranted in the instant matter. See ECF 100.

---

[1] Should the Court grant Plaintiff leave to file a renewed motion to proceed pseudonymously, Plaintiff will also move for expedited discovery to obtain the official University Incident Report ("IR") regarding this breakdown and file it in support of Plaintiff's renewed motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion for a 30-day leave for Plaintiff to file a renewed motion for leave to proceed pseudonymously.

Dated: August 24, 2026

Respectfully submitted,

/s/ John Doe
John Doe (*pro se*)
Address on file with the Court
Telephone: On file with the Court
Email: On file with the Court