**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>CAMRYN SIMONS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-1371 |

## MEMORANDUM ORDER

Plaintiff John Doe has moved to compel production of the University Incident Report regarding an incident he was involved in on the University's campus on August 25, 2023. ECF 109. He argues that the document is "materially relevant" to his forthcoming renewed motion to proceed under a pseudonym because it "substantiates Plaintiff's fear of having to publicly re-live the trauma" of the psychiatric breakdown he suffered at that time, as well as the "severe psychiatric distress that could result" if he is denied pseudonymity. *Id.* at 1. After careful consideration, the Court denies the motion for the reasons below.

## LEGAL STANDARD

Generally, under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). The Rules allow early discovery in certain cases, however, including when authorized "by court order." *Id.* Courts in the Third Circuit typically require the party moving for early discovery to show "good cause for its motion, such that the request is reasonable in light of the circumstances." *Milko v. Excalibur Mediation Grp.*, No. 20-1789, 2021 WL 1043041, at *1 (W.D. Pa. Feb. 22, 2021) (Dodge, M.J.) (quoting *Samuel, Son & Co. v. Beach*, No. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sep. 11, 2013) (Fischer, J.)).

## DISCUSSION & ANALYSIS

Doe argues that production of the incident report is necessary to "substantiate[]" the harm he fears he will suffer if the Court were to deny his forthcoming renewed motion to proceed pseudonymously. ECF 109, at 1. For its part, the University argues that the incident report will not "enhance the merits of Plaintiff's renewed motion." ECF 112, at 4. Ultimately, the Court agrees with the University, and finds that Doe's cited reasons do not constitute good cause for seeking early production of the incident report.

To start, the Court is not persuaded that the incident report is necessary to substantiate Doe's fear of harm for purposes of deciding a renewed motion to proceed pseudonymously. Doe has already amply described his asserted fear of harm that would result from having to publicly litigate this case. *See, e.g.*, ECF 106-5 (letter from mental health practitioner); ECF 82, ¶ 7 ("[I]f Plaintiff is denied pseudonymity, Plaintiff will almost certainly experience exacerbation of his symptoms, stigma, and bet deterred from pursuing his claims."). The Court thus does not need to review the incident report to credit Doe's assertions that publicly litigating this case risks exacerbating his mental health symptoms and subjecting him to stigma.

Doe has not argued that the incident report is necessary to substantiate a different kind of harm from the kinds he has already argued he will suffer. *Compare* ECF 82, ¶ 7 *with* ECF 109, ¶ 2. But even if the incident report were to substantiate a fear of harm that the record did not already contain, the Court sees no reason why Doe cannot substantiate that fear of harm by other means that do not require early discovery, such as a sworn declaration. After all, Doe does not contend that the incident report contains information he is not privy to that is necessary for him to succeed on his motion to proceed pseudonymously; indeed, the University permitted him to review the document in November 2024. ECF 109, ¶ 3.

In sum, ordering early discovery of the incident report would not be "reasonable in light of the circumstances" of this case. *Milko*, 2021 WL 1043041, at *1. Doe himself is in the best position to substantiate his fear of harm for purposes of a renewed motion to proceed under a pseudonym. If there are additional bases for his fear of harm that the Court did not already consider in its memorandum order (ECF 100) denying his initial motion to proceed pseudonymously, he may present them in his renewed motion.

## CONCLUSION

For the foregoing reasons, Doe's motion to compel production (ECF 109) is **DENIED**. An Order re-setting the deadline for Doe to file a renewed motion to proceed under a pseudonym follows.

DATED this 13th day of October, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Plaintiff John Doe
Address on File with Clerk of Court